PER CURIAM.
February 20, 1962, complaint was filed charging the respondent, a member of The Florida Bar subject to the provisions of its Integration Rule, 31 F.S.A., with unprofessional conduct in that: (1) On January 27, 1959, respondent appeared in open court in an intoxicated condition as an attorney representing a client in the County Judge’s Court of Alachua County, Florida. (2) On or about July 3, 1961, respondent received the sum of $36 from Saul Copeland on behalf of Nathaniel Warren for the purpose of transmitting the said sum to a professional bail bondsman in payment of a balance due said bondsman for the premium on a bail bond for the release of Nathaniel Warren who was confined in the city jail of the City of Gaines-ville, Florida. Respondent failed to transmit said funds, but converted them to his own use and failed to account for same. (3) Respondent has repeatedly induced Gainesville employees to substitute respondent’s worthless checks for cash of their employers. (4) On or about September 10, 1961, respondent received $25 with which to pay a fine imposed on his client, Corine LeGreair, in Municipal Court of Gainesville, Florida, and appropriated said funds to his own use.
Notice by registered mail was given to respondent and his attorney as required by the Integration Rule. Upon completion of a hearing at which respondent appeared in his own behalf the referee found respondent guilty of charges (1), (2), and (4), as listed above. The referee found that The Florida Bar had not sufficiently proved charge (3), nevertheless he went on to point out that respondent was convicted in the Court of Record of Alachua County, Florida, on October 5, 1959, on two worthless check charges. Based on his findings of fact, the referee concluded that the respondent was guilty of violations of Canon 11 of the Canons of Professional Ethics and Rules 1, 2, 27 and 30 of Additional Rules Governing the Conduct of Attorneys in Florida, 31 F.S.A. For these violations the referee recommended that the respondent be disbarred.
On review of the findings and recommendations of the referee, the Board of Governors concurred in the finding of guilt and further found that respondent was guilty of the violation of Canon 11 of the Canons of Professional Ethics and Rules 1, 2, 27 and 30 of the Additional Rules Governing the Conduct of Attorneys in Florida.
Upon consideration thereof the Board of Governors found and adjudged that respondent be suspended from the practice of law for a period of one year commencing on the day when this judgment shall become final and thereafter until he shall pay the cost of this proceeding in the amount of $149.12, and until he shall make restitution of the amount involved in this complaint and until he shall show unto the Supreme Court of Florida and the Board of Governors of The Florida Bar that he has rehabilitated himself and is entitled to be reinstated to the practice of law.
The record, the report of the referee and judgment of the Board of Governors have been examined by this court, pursuant to which' it is ordered that the judgment of the Board of Governors, dated December 12, 1962, that respondent be suspended from the practice of law for one year *726 commencing on the day when this judgment shall become final and that he shall pay all costs accruing therein, is hereby approved and the same is adopted in its entirety as the judgment of this court.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS, DREW and CALDWELL, JJ., concur.